RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that Benjamin Avila-Barrera’s constitutional challenge to 8 U.S.C. § 1326 lacks merit. However, I do not agree with the majority’s conclusion that the district court committed plain error by failing to comply with Rule 32 of the Federal Rules of Criminal Procedure.
Barrera now challenges the criminal history calculation used to determine his sentence on the basis that his failure to register as a sex offender was relevant conduct to his illegal reentry offense. It is this challenge that the majority faults the district court for failing to resolve. However, Avila-Barrera did not raise a factual issue regarding his assertion that his failure to register as a sex offender was relevant conduct to his illegal reentry offense. Avila-Barrera did not submit an affidavit or declaration stating why he failed to register as a sex offender. At the sentencing hearing, he did not testify to that effect or address the court at all. That failure leaves us with the bare assertion, unsupported by any factual showing, that Avila-Barrera failed to register as a sex offender *582 to avoid detection as an illegal re-entrant. That assertion was addressed and rejected by the probation department. The district court’s adoption of the criminal history as calculated by the probation department was sufficient resolution of the issue to satisfy Rule 82. See United States v. Riley, 335 F.3d 919, 931 (9th Cir.2003); see also United States v. Rivera-Gomez, 634 F.3d 507, 513 (9th Cir.2011) (relying on the facts established in the record to determine the purpose of an offender’s conduct).
I would affirm the conviction and sentence.